UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARIA RODRIGUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:17-cv-455 |
| ) | |
| AMERICAN MULTI-CINEMA, INC., d/b/a ) | |
| AMC SHOWPLACE SCHERERVILLE 16, ) | |
| NATIONAL RETAIL PROPERTIES, LP, ) | |
| and GEORGE DOE, Manager (whose last ) | |
| name is unknown), ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion to Re-Open Discovery and Compel Expert Disclosures Compliant with Rule 26(a)(2)(C) [DE 27] filed by the defendants, American Multi-Cinema, Inc., d/b/a AMC Showplace Schererville 16, National Retail Properties, LP, and George Doe, Manager (whose last name is unknown), on October 30, 2019. It is hereby ordered that the Motion to Re-Open Discovery and Compel Expert Disclosures Compliant with Rule 26(a)(2)(C) [DE 27] be **GRANTED.**

*Background*

The plaintiff, Maria Rodriguez, initiated this matter on June 15, 2017 in Indiana state court. The action was removed to this court on December 11, 2017. Rodriguez alleges that she suffered injuries while visiting AMC Showplace Schererville 16, located in Schererville, Indiana and that her injuries were caused by the defendants' negligent conduct.

The court held a Rule 16 Preliminary Pretrial Conference on January 19, 2018. At the conference, the court set January 11, 2019 as the initial deadline for Rodriguez to produce expert

witness disclosures and reports to the defendants. The deadline to amend the disclosures was extended to May 10, 2019 at the joint request of the parties [DE 21]. The defendants indicate that Rodriguez produced her initial expert disclosures on May 10, 2019, however the disclosures did not comply with Federal Rule of Civil Procedure 26. Specifically, the defendants claim that Rodriguez's non-retained expert disclosures did not contain a summary of the facts and opinions to which the witnesses are expected to testify as required by Rule 26(a)(2)(C)(ii). The defendants allege that they alerted Rodriguez of these deficiencies on several occasions between May 2019 and August 2019. On August 6, 2019, Rodriguez supplemented her expert disclosures, however the defendants insist that the disclosures remain noncompliant. As a result, the defendants filed the instant motion [DE 27].

Rodriguez argues that the defendants' motion [DE 27] is untimely because the discovery period has ended, that, nonetheless, the disclosures contain the necessary detail as imposed by Rule 26(a)(2)(C)(ii), and that the defendants have never been denied an opportunity to depose the treating physicians.

*Discussion*

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp.***, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L.

2

Ed. 2d 253 (1978)).  Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard.  **Borom v. Town of Merrillville**, 2009 WL 1617085, at *1 (N.D. Ind. June 8, 2009) (citing *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003)).

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses.  **Federal Rule of Civil Procedure 37(a)(2)–(3)**.  The burden "rests upon the objecting party to show why a particular discovery request is improper."  *Gregg v. Local 305 Ibew*, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009) (citing *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, at *3 (N.D. Ind. May 13, 2009) (internal citations omitted); *Carlson Restaurants Worldwide, Inc. v. Hammond Prof'l Cleaning Servs.*, 2009 WL 692224, at *5 (N.D. Ind. March 12, 2009) (internal citations omitted). The objecting party must show with specificity that the request is improper.  *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (internal citations omitted). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (citing *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006)) (internal quotations and citations omitted).  Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in

furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (examining *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)) (internal quotations and citations omitted); *see Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012) (explaining that the district court has broad discretion in supervising discovery).

The defendants request that the court compel Rodriguez to produce complete Rule 26 reports. **Federal Rule of Civil Procedure 26(a)** states in relevant part:

> (B) *Written Report.* Unless otherwise stipulated or ordered by the court, [expert disclosures] must be accompanied by a written report— prepared and signed by the witness— if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.
>
> (C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
>> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>>
>> (ii) a summary of the facts and opinions to which the witness is expected to testify.

"All witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A)" while "only those witnesses 'retained or specially employed to provide expert testimony' must submit an expert report complying with Rule 26(a)(2)(B)." *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011) (citing *Musser*, 356 F.3d at 756-57); **Federal Rule of Civil Procedure 26(a)(2)(B)**. The expert report serves the purpose of putting the opposing party on notice of the expert's proposed testimony, so the opposing party may form an appropriate response. *Meyers v. National R.R. Passenger Corp.*, 619 F.3d 729, 734 (7th Cir. 2010); *Musser*, 356 F.3d 751, 757-58 (7th Cir. 2004).

4

As an initial matter, Rodriguez's argument that the instant motion is untimely because the discovery period has ended is not valid. The defendants' motion acknowledges that the discovery period has ended and is therefore requesting discovery be reopened by way of the instant motion [DE 27]. Thus, the issue before the court boils down to whether the disclosures of the non-retained experts that Rodriguez provided contain appropriate summaries as required by Federal Rule of Civil Procedure 26(a)(2)(C).

The purpose of a Rule 26(a)(2)(C) summary is to clarify a witness's "expected testimony ... and the bases for the conclusions." **Ballinger v. Casey's Gen. Store,** 2012 WL 1099823, at *5 (S.D. Ind. Mar. 29, 2012). The court has considered that the Advisory Committee cautions that the requirements of Rule 26(a)(2)(C) are "considerably less extensive" than Rule 26(a)(2)(B), and that "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." **Rule 26(a)** (Committee Notes, 2010 amendments). On the other hand, "without proper disclosures, a party may miss the opportunity to disqualify the expert, retain rebuttal experts, or hold depositions for an expert not required to provide a report." **Tribble v. Evangelides**, 670 F.3d 753, 759-60 (7th Cir. 2012) (internal citations omitted). Therefore, for Rule 26(a)(2)(C) to have any meaning, summary disclosures must contain more than mere passing reference to the care a treating physician provided. *See* **Hayes v. American Credit Acceptance, LLC,** No. 13–2413–RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014) (holding that "at a minimum, the disclosure should obviate the danger of unfair surprise regarding the factual and opinion testimony of the non-retained expert").

In **Washington v. Tovo**, this court found that the plaintiff provided summaries of the non-

retained expert witness' "expected testimony, but [] failed to provide the facts that those opinions [were] based upon." *Washington v. Tovo*, 2018 WL 2126941, at *5 (N.D. Ind. May 9, 2018). This court, along with others, has concluded that an appropriate example of a Rule 26(a)(2)(C) summary reads:

> "The witness is expected to opine that the plaintiff is unable to lift more than 50 pounds and will remain unable to do so for the indefinite future. This opinion is based on the following facts: the witness diagnosed the plaintiff with three herniated discs in his back, he observed during office visits that the plaintiff is experiencing symptoms that prevent him from lifting more than 50 pounds, and he observed during office visits that the plaintiff's condition is not improving."

*Washington*, 2018 WL 2126941, at *5 (N.D. In. 2018) (citing *Kazmierski v. Bonafide Safe & Lock, Inc*, 2015 WL 10070324, at *2 (E.D. Wis. 2015)).

Rodriguez provided the defendants with initial expert disclosures on May 10, 2019. The disclosures contained a list of 14 expert witnesses. However, five of the disclosures failed to identify the non-retained expert by name, but rather identified them as "Physician, Nurse, and other medical providers." The defendants contacted Rodriguez and insisted that the disclosures be supplemented in accordance with Rule 26(a)(2)(C), particularly, the requirement for a summary of facts and opinions. On August 8, 2019, Rodriguez supplemented her disclosures. The supplemented disclosures limited the list of non-retained experts to five treating physicians. As a precursor to the provided summaries, Rodriguez stated "the following treating doctors will provide expert testimony in this cause. Opinions each will provide are not specifically known in detail to us but are otherwise listed in their medical records and described below." The summary of facts and opinions provided for each of the five physicians nearly mirror each other. The summary for Dr. Nikjil Pandhi's facts and opinions state:

> "Dr. Pandhi will testify that when Maria Rodriguez went to the hospital in an ambulance after she fell and had to be picked up off the theater floor by EMS personnel

6

> at Defendant AMC's theater, she had injuries from the fall and had to have surgery and she also incurred a massive tear and retraction of the rotator cuff tendons of her right shoulder, which resulted in pain in the right side of her neck. Dr. Pandhi is further expected to testify that Maria Rodriguez had bruising, swelling, and pain to her right side, including her right leg and that her collar bone on the right protrudes now. Dr. Pandhi is expected to testify that he performed Maria Rodriguez's right hip surgery (intramedullary nail and hip screws with the gamma nail system from Stryker) and treated Maria Rodriguez's right shoulder rotator cuff tear. Dr. Pandhi is expected to testify that all of his treatment to Maria was reasonable and necessary and a direct result of injuries caused by her fall including all of the pain she has and is experiencing and that her hip and shoulder injuries are permanent and have caused her to lose significant ability to ambulate."

The summary of Dr. Fasih's facts and opinions state:

> "Dr. Fasih will testify that when Maria Rodriguez went to the hospital in an ambulance after she fell and had to be picked up off the theater floor by EMS personnel at Defendant AMC's theater, she had injuries from the fall. Dr. Fasih will also testify that Maria Rodriguez broke her right hip in the fall and had to have surgery and she also incurred a massive tear and retraction of the rotator cuff tendons of her right shoulder, which resulted in pain in the right side of her neck. Dr. Fasih is further expected to testify that Maria Rodriguez had bruising, swelling, and pain in her right side, including her right leg and that her collar bone on the right protrudes now. Dr. Fasih is expected to testify that he is Maria Rodriguez's primary care physician and will testify as to his treatment and observations of Maria Rodriguez. Dr. Fasih is expected to testify that all of his treatment to Maria was reasonable and necessary and had a direct result of injuries caused by her fall including all of the pain she has and is experiencing and that her hip and shoulder injuries are permanent and have caused her to lose significant ability to ambulate and use of her right shoulder and arm."

The defendants argue that each summary lacks adequate facts and opinions upon which the expected testimony is based. Rodriguez claims that the provided summaries make clear exactly what injuries she suffered from, her diagnoses during her weeks in the hospital, her hip surgery, and the other treatment and prognoses. She argues that the "defendants complain about a potential surprise because the [d]efendants want to create and inquire into nuance with the hope of blaming pain on something other than the very clear inception of those symptoms." She also states that the defendants "are free to depose Maria's doctors and ask them if the pain is possibly caused by something else." Lastly, Rodriguez points to *Washington v. Tovo*, and relies on the

7

fact that "nothing in the Rule 26(a)(2)(C) mandates the non-retained experts prepare and sign the summary of facts and opinions required in subsection (ii)."

Rodriguez's arguments miss the mark. First, the defendants are not arguing that the summaries of each physician's facts and opinions listed in her expert disclosures should be prepared and signed by the treating physicians themselves. Rather, the defendants are insisting that she provide them with summaries of the bases of each physician's opinions, regardless of who prepares them. While the summaries provided lay out what each physician is expected to testify to, they do not include the facts that led each physician to reach that conclusion. For example, the summaries provided for both Dr. Pandhi and Dr. Fasih state that they will testify that "the pain [Rodriguez] has and is experiencing and that her hip and shoulder injuries are permanent and have caused her to lose significant ability to ambulate." This gives the defendants a general idea as to what the physicians will testify to, but it gives no facts or reasons as to why each physician will, for example, testify that Rodriguez's injuries are "permanent" or have "caused her to lose significant ability to ambulate."  In order to ensure that the defendants do not "miss the opportunity to disqualify the expert, retain rebuttal experts, or hold depositions for an expert not required to provide a report," Rodriguez must provide disclosures containing the appropriate bases for each opinion the physicians are expected to testify to. ***Tribble v. Evangelides***, 670 F.3d 753, 759-60 (7th Cir. 2012) (internal citations omitted).

Lastly, the defendants briefly argue that in addition to lacking an adequate summary of facts and opinions upon which the expected testimony is based, the summaries also improperly reference causation. However, the defendants also state that they "simply do[] not know whether Ms. Rodriguez's disclosed physicians discussed the question of causation during their

8

treatment." "Treating physicians often fall into a gray area," but it is well settled that "a treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony …' and [] is require[d] to submit an expert report in accordance with Rule 26(a)(2*)."* **Meyers v. Nat'l R.R. Passenger Corp.**, 619 F.3d 729, 734-35 (7th Cir. 2010); **Nnadi v. Menard, Inc**., 2013 WL 12310674, at *2 (N.D. Ind. Mar. 22, 2013).  This issue is not one that needs to be decided now, as the court is certain that when Rodriguez provides adequate summaries, the issue of whether the five physicians concluded the cause of Rodriguez's injuries during treatment will be settled.

For the foregoing reasons Motion to Re-Open Discovery and Compel Expert Disclosures Compliant with Rule 26(a)(2)(C) [DE 27] is **GRANTED.** The court sets a Telephonic Status Conference for **November 20, 2020 at 10:30 a.m.** (Central Time) to discuss existing discovery needs. The defendants are **DIRECTED** to initiate the call. Judge Rodovich's chambers can be reached at (219) 852-6600.

ENTERED this 2nd day of November, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge